IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF WISCONSIN, PATRICIA ANN VILLARREAL, SASHA ALBRECHT, <br><br> Plaintiffs, <br><br> v. <br><br> DEAN KNUDSON, JULIE M. GLANCEY, ROBERT F. SPINDELL, JR., MARK L. THOMSEN, ANN S. JACOBS, MARGE BOSTELMANN, in their official capacity as members of the Wisconsin Elections Commission, MEAGAN WOLFE, in her official capacity as the Administrator of the Wisconsin Elections Commission, <br><br> Defendants. | 19-cv-1029-jdp |

**PLAINTIFFS' MOTION FOR A PRELIMINARY
INJUNCTION AND EXPEDITED DISCOVERY**

In accordance with Federal Rule Civil Procedure 65(a), plaintiffs League of Women Voters of Wisconsin, Patricia Ann Villarreal, and Sasha Albrecht (collectively "Plaintiffs") move the Court to issue a preliminary injunction barring the defendants, the six members of the Wisconsin Elections Commission (the "Commission" or "WEC") and the Commission's Administrator, all of whom are sued in their official capacities, from deactivating the registrations of 234,039 Wisconsin voters to whom letters were mailed in October 2019 (the "2019 ERIC letter") informing the voters that the Commission suspected them of having moved to a new residential address, until a permanent injunction is issued requiring the Commission to mail new notice letters that adequately and clearly inform registered Wisconsin voters on the

2019 ERIC list of the Commission's intent to remove them from the voter rolls, the reason for that voter list maintenance action, the steps they need to take to avoid that outcome, including clearly explaining the confirmation and voter registration update processes, the consequences of failing to take action, and the timeline for deactivation if they fail to take action.  Plaintiffs also move the Court in accordance with Federal Rule Civil Procedure 26(d)(1) to issue an order granting them leave to take expedited discovery limited to issues presented in their preliminary injunction motion, and then to take further expedited discovery limited to those issues necessary for a permanent injunction hearing.

In support of this Motion, and as further set forth in Plaintiffs' contemporaneously filed brief and supporting declarations, Plaintiffs state as follows:

1. The list of voters to whom the 2019 ERIC Letter was sent (the "2019 ERIC list") was compiled based on a flawed data set, and a subset of those 234,039 registered Wisconsin voters have not in fact moved from the residential address appearing on the 2019 ERIC Letter that was mailed to them.  These voters were deprived of their right to procedural due process, which at a bare minimum requires adequate notice and an adequate opportunity to be heard ***prior to*** the deprivation of a right or statutory entitlement, which embraces voter registration.

2. Moreover, the voters to whom the 2019 ERIC Letter was sent were not given notice that they were facing removal from the rolls; nor were they provided notice of the timeline within which to take action to remain registered to vote in Wisconsin.  The Commission's letter led these voters to believe that they would still be registered to vote and that they could confirm their existing registration address by, among other things, simply voting in "the next election." The letter did not specify whether this was the next election that occurred or the next election in which the voter cast a ballot.  Absent a specific date, a reasonable voter would have understood

"the next election" to mean the next election in which they voted. These voters have been deprived of their right to due process because many will detrimentally rely on the Commission's representation that they can confirm their registration address by voting in "the next election."

3. On December 17, 2019, a state court issued a writ of mandamus ordering the Commission to immediately deactivate the registrations of the 234,039 Wisconsin voters to whom letters were sent. That writ of mandamus creates an emergency situation for Plaintiffs because it comes on the eve of a state spring primary election and a special primary election for the U.S. Congressional District 7 seat, both to be held on February 18, 2020. Municipal clerks must mail out absentee ballots by 21 days before the state spring primary election, and on January 2, 2020 for the Congressional District special primary. Defendants' Counsel argued to the state court just one week ago that granting the writ of mandamus and effecting this unprecedented, eleventh-hour deactivation of voters would cause chaos and irreparable harm to the integrity and efficiency of these elections' administration.

4. Plaintiffs respectfully request that these due process violations be remedied by the entry of a preliminary injunction, which halts the deactivation of registered Wisconsin voters on the 2019 ERIC list. This preliminary injunction will preserve the status quo until the resolution of this case and the entry of a permanent injunction requiring Defendants to immediately mail out new notice letters that adequately and clearly inform registered Wisconsin voters on the 2019 ERIC list of the Commission's intent to remove them from the voter rolls, the reason for that voter list maintenance action, the steps they need to take to avoid that outcome, including clearly explaining the confirmation and voter registration update processes, the consequences of failing to take action, and the timeline for deactivation if they fail to take action. The deadline for any

response and corresponding timeline for deactivation will be set by state law, and is the subject of ongoing state-court litigation.

5. Expedited discovery is warranted because Plaintiffs have a motion for preliminary injunction pending; Plaintiffs seek limited discovery narrowly tailored to the injunctive relief they seek; Plaintiffs seek to take expedited discovery to prevent the deactivation of the registration of more than 234,000 Wisconsin voters mere weeks before absentee ballots must be mailed for the February 2020 primary elections; there will be little, if any, burden on the Defendants; and the limited expedited discovery would occur less than 60 days before discovery would typically commence. *See, e.g., Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 CV 10665, 2017 WL 3597518, at *2 (N.D. Ill. March 13, 2017).

WHEREFORE, Plaintiffs move the Court and respectfully request that the Court: (1) schedule their Motion for Preliminary Injunction for hearing as soon as practicable; (2) enter a preliminary injunction barring Defendants from deactivating registered Wisconsin voters on the 2019 ERIC list pending the entry of a permanent injunction requiring Defendants to immediately mail out new notice letters that adequately and clearly inform registered Wisconsin voters on the 2019 ERIC list of the Commission's intent to remove them from the voter rolls, the reason for that voter list maintenance action, the steps they need to take to avoid that outcome, including clearly explaining the confirmation and voter registration update processes, the consequences of failing to take action, and the timeline for deactivation if they fail to take action; and (3) granting Plaintiffs leave to take narrowly tailored discovery on an expedited basis limited to the issues presented by their Motion for Preliminary Injunction.

**DATED:** December 20, 2019          Respectfully submitted,

*/s/ Jon Sherman*

Jon Sherman*
D.C. Bar No. 998271
Cecilia Aguilera*
D.C. Bar No. 1617884
Michelle Kanter Cohen*
D.C. Bar No. 989164
Fair Elections Center
1825 K St. NW, Ste. 450
Washington, D.C. 20006
jsherman@fairelectionscenter.org
caguilera@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
(202) 331-0114

Douglas M. Poland
State Bar No. 1055189
David P. Hollander
State Bar No. 1107233
Rathje Woodward LLC
10 E Doty Street, Suite 507
Madison, WI 53703
Phone: 608-960-7430
Fax: 608-960-7460
dpoland@rathjewoodward.com
dhollander@rathjewoodward.com

*Counsel for Plaintiffs*

**Motions for admission to be filed*