IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LEAGUE OF WOMEN VOTERS OF
WISCONSIN, PATRICIA ANN
VILLARREAL, SASHA ALBRECHT,

      Plaintiffs,

    v.                               Case No. 19-CV-1029

DEAN KNUDSON, JULIE M. GLANCEY,
ROBERT F. SPINDELL, JR., MARK L.
THOMSEN, ANN S. JACOBS, MARGE
BOSTELMANN, MEAGAN WOLFE,

      Defendants.

## RESPONSE TO MOTIONS TO INTERVENE BY *ZIGNEGO* PLAINTIFFS AND THE WISCONSIN LEGISLATURE

Two sets of proposed intervenor-defendants seek to intervene in this case, which involves whether due process requires the Wisconsin Elections Commission (the "Commission") to issue notice to certain voters before deactivating their registrations: First, the individual plaintiffs who are currently litigating against the Commission over its deactivation obligations in *Zignego v. Wisconsin Election Commission,* No. 19-cv-0449 (Wis. Cir. Ct. Ozaukee Cty.) (the "*Zignego* Plaintiffs") (Dkt. 21); and second, the Wisconsin Legislature (Dkt. 35). This Court ordered the parties to respond to both these intervention motions by January 10, 2020. (Dkt. 30; 40.)

The Commission does not oppose the *Zignego* Plaintiffs' intervention motion. In state court, the *Zignego* Plaintiffs obtained a judgment directing the Commission to deactivate certain voter registrations. Plaintiffs' due process claims here effectively seek to halt enforcement of that judgment, at least temporarily, until the Commission gives notice of any impending deactivations. The *Zignego* Plaintiffs thus have a direct interest in enforcing their state court judgment that is threatened by the due process claims presented here. Moreover, it is true that the Commission has opposed the *Zignego* Plaintiffs' claims in state court, which means it does not share their interest in preserving the effectiveness of that state court judgment. Their timely application to intervene thus likely satisfies each requirement for mandatory intervention under Federal Rule of Civil Procedure 24(a)(2).[1] At minimum, their unique interest merits permissive intervention under Federal Rule of Civil Procedure 24(b)(1), which is largely up to this Court's discretion. *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 803–804 (7th Cir. 2019).

---

[1] Intervention under Federal Rule of Civil Procedure 24(a)(2) requires a proposed intervenor to satisfy four elements: "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *See Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019).

However, the Commission opposes the Legislature's intervention motion. First, it is far from clear that the Legislature has a protectable interest in these due process claims which, if successful, would not result in the *invalidity* of state law but only an order directing the Commission how to *enforce* that state law consistent with due process. The Legislature has identified no state statute (or other authority) that gives them a protectable interest in how the Commission enforces election law. But even if the Legislature did have a protectable interest, it would be adequately represented by those with a much more obvious, direct interest in this case—the *Zignego* Plaintiffs. In order to preserve and enforce their state court judgment in *Zignego*, those intervenors would have every incentive to make every available argument opposing Plaintiffs' due process claims. Indeed, comparing the *Zignego* Plaintiffs' and the Legislatures' proposed motions to dismiss or stay (filed along with their intervention motions) shows that the two intervenors intend to make effectively the same arguments in opposing Plaintiffs' claims. (*Compare* Dkt. 25, *with* Dkt. 38.) Any interest the Legislature may have in this action would thus be adequately represented by the *Zignego* Plaintiffs and so mandatory intervention is not available to it.

Permissive intervention by the Legislature would be similarly inappropriate because nothing would be gained by adding it as a full party, in addition to the *Zignego* Plaintiffs. It would presumably make the same

substantive arguments as the *Zignego* Plaintiffs (*see* Dkt. 25; 38) while needlessly complicating the case procedurally, since it would then have the right to participate in setting briefing schedules, resolving discovery issues, and the myriad other procedural matters that parties must resolve. That said, to the extent "the needs of federal-state comity" counsel in favor of allowing the Legislature to be heard, *Planned Parenthood*, 942 F.3d 803, that can be accomplished through measures short of allowing it to intervene as a party— for instance, by permitting it to file amicus briefs on the merits. The Commission would not oppose that limited measure, but full party status is not warranted.

Dated this 10th day of January, 2020.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Colin T. Roth
COLIN T. ROTH
Assistant Attorney General
State Bar #1103985

STEVEN C. KILPATRICK
Assistant Attorney General
State Bar #1025452

KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6219 (CTR)
(608) 266-1792 (SCK)
(608) 264-6365 (KZK)
(608) 267-2223 (Fax)
rothct@doj.state.wi.us
kilpatricksc@doj.state.wi.us
keckhaverkz@doj.state.wi.us