IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEAGUE OF WOMEN VOTERS OF
WISCONSIN, PATRICIA ANN
VILLARREAL, SASHA ALBRECHT,

      Plaintiffs,

  v.                                  Case No. 19-CV-1029

DEAN KNUDSON, JULIE M. GLANCEY,
ROBERT F. SPINDELL, JR., MARK L.
THOMSEN, ANN S. JACOBS, MARGE
BOSTELMANN, MEAGAN WOLFE,

      Defendants.

---

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR, ALTERNATIVELY,
FOR A *PULLMAN* STAY**

---

## ARGUMENT

Plaintiffs contend that the Wisconsin Elections Commission plans to deactivate over 200,000 voter registrations without notice, in violation of the Due Process Clause. They claim this deactivation will occur on one of two timelines: either in 2020 pursuant to a court order in the ongoing *Zignego* state court litigation or in 2021 pursuant to a timeline adopted by the Commission in June 2019. Neither of these timelines is certain. The *Zignego* case is currently pending in the Wisconsin Court of Appeals, which stayed the circuit court's order for deactivation and, given its reasoning for the stay, is likely to

ultimately reverse the circuit court's order. And apart from the state court litigation, the Commission has not definitively decided to deactivate voter registrations at all, much less on a particular timeline or without additional notice. Many uncertainties remain about whether, when, and how any voter registration deactivations might occur. Therefore, Plaintiffs' procedural due process claims are not ripe, and this case should be dismissed without prejudice.

Further, at a minimum, this case should be stayed pending resolution of the ongoing state court litigation in *Zignego v. Wisconsin Elections Commission*, Nos. 19AP2397, 20AP112 (Wis. Ct. App.). Plaintiffs agree that such a stay is appropriate.

**This case should be dismissed without prejudice or, in the alternative, stayed because Plaintiffs' claims are not ripe.**

Plaintiffs appear to concede that deactivation via the *Zignego* litigation is uncertain. The case is currently pending in the Wisconsin Court of Appeals, and the circuit court's writ of mandamus ordering deactivation is stayed in the meantime. Instead, Plaintiffs focus their attention on the possibility of deactivations occurring in spring 2021. Plaintiffs can only speculate that deactivations will occur at that time, or at all.

Plaintiffs argue that on June 11, 2019, the Commission adopted a plan to deactivate voter registrations in 12 to 24 months, after six elections,

meaning voters who did not respond to the 2019 ERIC Movers mailing would be deactivated in spring 2021. (Dkt. 57:9.) They point to a motion passed at the June 11, 2019 meeting, which does not explicitly address deactivation—other than to reject deactivating voter registrations within 30 days after the ERIC Movers mailing—but does "incorporate the substance of recommendations in the staff memorandum." (Dkt. 57:9–10 (citing Dkt. 11-2:4–6; 11-4:6).) Plaintiffs argue that because the Commission voted to incorporate the memo's recommendations, it necessarily adopted a plan to deactivate the 2019 ERIC Movers in spring 2021. (Dkt. 57:9–10.)

Plaintiffs' argument is highly speculative and fails to take into consideration more recent events. The June 11, 2019 memo included numerous recommendations related to several different topics, such as ERIC data analysis, improvements to the design and content of the ERIC mailing, and changes to the printed poll book and electronic registration system. (Dkt. 11-2:4–6.) While the memo also addressed a possible plan for registration deactivations in the future, no definitive deactivation plan was endorsed or included in the recommended motion. (Dkt. 11-2:4–6.)

Further, much has changed since June 2019. Most notably, in December 2019, Commission staff, at the request of the Commission, provided a memo "outlin[ing] options for clarifying the legal authority for, and/or seeking more specific legal authority related to, the treatment of voter registration records

3

of those individuals included on the ERIC Movers list." (Dkt. 45-1:1.) At its December 2, 2019 meeting, the Commission approved a motion "direct[ing] staff to pursue legislation establishing specific procedures governing the ERIC Movers mailing and/or granting rulemaking authority to the Commission." (Dkt. 45:3; 45-1.) As Plaintiffs note, the Commission has not yet received an official response from the Legislature. (Dkt. 57:5 n.3) But it is implausible that the Commission would have sought direction from the Legislature if it already had a firm plan in place for deactivating the registrations of ERIC Movers.

Plaintiffs' due process claims are premised on uncertain and contingent events and, thus, are not ripe. *See Church of Our Lord & Savior Jesus Christ v. City of Markham,* 913 F.3d 670, 676 (7th Cir. 2019) ("The ripeness doctrine arises out of the Constitution's case-or-controversy requirement, as claims premised on uncertain or contingent events present justiciability problems."). There is currently no concrete plan for deactivating the registrations of electors on the 2019 ERIC Movers list. At the very least, the Commission would have to vote on a deactivation plan before any deactivations could occur. Without certain deactivations, Plaintiffs have no due process claim—the Commission obviously need not notify voters prior to deactivating their registrations if no deactivations will occur. And even if deactivations might occur, the Commission has made no determination about what notice would be provided

prior to any future deactivations. Without more, there is simply nothing for this Court to analyze now.

Plaintiffs' due process claims are not ripe and should be dismissed without prejudice Or, in the alternative, this case should be stayed until ongoing *Zignego* litigation is resolved, as both parties agree is appropriate. (Dkt. 57:7.)

**CONCLUSION**

This case should be dismissed without prejudice as unripe or stayed until the *Zignego* state court litigation ends.

Dated this 10th day of February 2020.

>Respectfully submitted,
>
>JOSHUA L. KAUL
>Attorney General of Wisconsin
>
>Electronically signed by:
>
>s/ Karla Z. Keckhaver
>KARLA Z. KECKHAVER
>Assistant Attorney General
>State Bar #1028242
>
>STEVEN C. KILPATRICK
>Assistant Attorney General
>State Bar #1025452
>
>COLIN T. ROTH
>Assistant Attorney General
>State Bar #1103985
>
>Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6365 (KZK)
(608) 266-1792 (SCK)
(608) 264-6219 (CTR)
(608) 267-2223 (Fax)
keckhaverkz@doj.state.wi.us
kilpatricksc@doj.state.wi.us
rothct@doj.state.wi.us