IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEAGUE OF WOMEN VOTERS OF WISCONSIN,
and SASHA ALBRECHT,

                Plaintiffs,

   v.

DEAN KNUDSON, JULIE M. GLANCEY,
ROBERT F. SPINDELL, JR. MARK L. THOMSEN,
ANN. S. JACOBS, MARGE BOSTELMANN,
and MEAGAN WOLFE,

                Defendants.

OPINION and ORDER

19-cv-1029-jdp

---

Plaintiffs—the League of Women Voters of Wisconsin and a registered Wisconsin voter—filed this case to block implementation of a state court mandamus order that would have deactivated more than 200,000 Wisconsin voter registrations. The circuit court concluded that the order was necessary under state law because there was evidence that the voters had moved. *See Zignego v. Wisconsin Election Comm'n*, No. 19CV449 (Wis. Cir. Ct. Ozaukee Cty. Dec. 17, 2019).

Plaintiffs sought a preliminary injunction in this court, Dkt. 7, contending that the order violated the Due Process Clause because the voters had not received notice and some of them had not in fact moved. The court denied the motion as moot after the Wisconsin Court of Appeals stayed the deactivation order pending appeal. Dkt. 53. On February 28, 2020, the Court of Appeals reversed the writ of mandamus. *See Zignego v. Wisconsin Election Comm'n*, 2020 WI App 17 (Ct. App. Feb. 28, 2020). That order has been appealed, but the Wisconsin Supreme Court hasn't yet decided whether to hear the case.

Meanwhile, several motions were filed in this case. The plaintiffs in the state court case filed a motion to intervene, Dkt. 21, along with a proposed motion to dismiss or stay the case, Dkt. 23. The Wisconsin Legislature likewise filed a motion to intervene, Dkt. 35, along with its own proposed motion to dismiss or stay, Dkt. 37. And the defendants in this case—the members of and an administrator for the Wisconsin Elections Commission—moved to dismiss or stay the case as well. Dkt. 41.

All three of the motions to dismiss raise a version of the same argument: the underlying state court proceedings may resolve the plaintiffs' concerns, so the court should dismiss this case without prejudice as unripe or, at the least, stay it until the resolution of the state court proceedings under the abstention doctrine established in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941). Plaintiffs oppose dismissal of the case and instead ask the court to hold the case in abeyance "until such time as the state court proceedings have concluded through all appeals in the Wisconsin state court system." Dkt. 52, at 2.

The court will grant the Wisconsin Elections Commission's motion and dismiss this case on ripeness grounds. At this point, plaintiffs' claims in this case rest on two speculative premises: (1) the Wisconsin Supreme Court will reverse the Court of Appeals and reinstate the deactivation order; and (2) the Wisconsin Supreme Court will not direct the commission to provide affected voters adequate notice. One or both of these things may not occur. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations and quotation marks omitted).

Plaintiffs say that their claims are ripe regardless of the outcome of the state-court litigation because in June 2019, before the state court litigation arose, the Wisconsin Election

Commission adopted a plan to deactivate the registrations of the subject voters on a 12- to 24-month timeline. According to plaintiffs, deactivating voters in accordance with this plan would violate voters' due process rights because the Commission has not yet provided adequate pre-deactivation notice. The Commission disputes this version of events. It says that although it issued a memo in June 2019 that discussed a possible plan for future deactivations, *see* Dkt. 11-2, that memo was not a definitive deactivation plan. The Commission emphasizes that it hadn't yet adopted any firm plan for deactivating the registrations of the subject voters, nor had it made determinations about what notice would be provided in connection with any such deactivations.

In any event, the precise status of the Commission's plan for eventual deactivations isn't relevant now: that plan was upended by the state-court litigation, and neither party contends that the Commission can move forward with deactivations while the litigation remains pending. Plaintiffs cannot bring a challenge based on speculation about what the Commission might do after the litigation resolves. And even setting aside the state court litigation, the court would conclude that plaintiffs' challenge to the Commissions' 12- to 24-month deactivation plan is unripe because the Commission has never indicated that it is planning to deactivate voter registrations without first providing notice.

The constitutional problems that plaintiffs are anticipating are precisely the type of "remote contingencies" that the ripeness doctrine is designed to prevent courts from adjudicating. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006). If, in the future, the Commission adopts a concrete plan for deactivating voter registrations, and if plaintiffs believe that plan is unconstitutional, they are free to refile their lawsuit. But as of right now, the court lacks subject matter jurisdiction over plaintiffs' claims.

Because the court is dismissing the case on ripeness grounds, it need not reach the motions to intervene filed by the state court plaintiffs and the Wisconsin Legislature. Those motions are denied as moot.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 41, is GRANTED. This case is DISMISSED without prejudice for lack of subject matter jurisdiction.

2. The motions to intervene filed by the state court plaintiffs and the Wisconsin Legislature, Dkt. 21 and Dkt. 35, are DENIED as moot.

3. The clerk of court is directed to enter judgment for the defendants and close this case.

Entered April 2, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge