

# STATE OF WISCONSIN
## DEPARTMENT OF JUSTICE

**Josh Kaul**
**Attorney General**

17 W. Main Street
P.O. Box 7857
Madison, WI 53707-7857
www.doj.state.wi.us

Karla Z. Keckhaver
Assistant Attorney General
keckhaverkz@doj.state.wi.us
608/264-6365
FAX 608/294-2907

October 5, 2021

**VIA ELECTRONIC FILING**

The Honorable James D. Peterson
United States District Court
Western District of Wisconsin
120 North Henry Street, Room 320
Madison, WI 53703

      Re:   *League of Women Voters of Wisconsin, et al. v. Knudson, et al.*
             Case No. 19-CV-1029-jdp (closed)

Dear Judge Peterson:

We write to inform the Court of certain inadvertent misstatements made in briefs filed on behalf of the defendants, Wisconsin Elections Commission (the "Commission") members and staff, in the above-referenced closed case.

By way of background, on December 17, 2019, the plaintiffs filed this lawsuit to block implementation of a state court mandamus order in *State ex rel. Zignego v. Wisconsin Elections Commission*, Case No. 19-CV-0449 (Wis. Cir. Ct. Ozaukee Cty. Dec. 17, 2019), that would have deactivated more than 200,000 registrations of Wisconsin voters who may have moved from the address where they had registered to vote (informally called ERIC movers). (Dkt. 1.) The plaintiffs sought a preliminary injunction in this Court given the state court order and the quickly-approaching spring 2020 statewide election, contending that the imminent deactivations would violate the Due Process Clause because the voters had not received notice and some of them had not in fact moved. (Dkt. 7.)

On January 15, 2020, the Court denied the preliminary injunction motion as moot after the Wisconsin Court of Appeals stayed the deactivation order pending appeal. (Dkt. 53.) On February 28, 2020, the Court of Appeals reversed the writ of

mandamus. *See State ex rel. Zignego v. Wis. Elections Comm'n*, 2020 WI App 17, 391 Wis. 2d 441, 941 N.W.2d 284, *aff'd as modified*, 2021 WI 32, 396 Wis. 2d 391, 957 N.W.2d 208. On April 2, 2020, this Court granted the defendants' motion to dismiss on ripeness grounds without prejudice. (Dkt. 62.) The spring and fall 2020 elections came and went without any prior deactivation of ERIC movers. Then, on April 9, 2021, the Wisconsin Supreme Court affirmed the Wisconsin Court of Appeals' decision. *See State ex rel. Zignego*, 396 Wis. 2d 391.

Counsel for the plaintiffs recently brought to our attention certain statements made in the defendants' briefs in opposition to the plaintiffs' motion for a preliminary injunction and in support of the defendants' motion to dismiss. Those briefs disputed the plaintiffs' allegation that the Commission had voted in June 2019 to deactivate voter registrations within 12 to 24 months. (Dkt. 42:11; 43:10; 59.) For example, in our initial brief, we stated that "the Commission has never approved a deactivation plan based on the most recent ERIC data, whether immediately, within 12 to 24 months, or otherwise." (Dkt. 42:11.)

At the time, we believed those statements to be true based upon the language of the motions passed by the Commission in June and December 2019, and based on our communications with Commission staff. However, we have since learned that our statements were based on an incomplete understanding of Commission deliberations. While the Commission's motions passed in June and December of 2019 do not refer to a plan for deactivation, after reviewing video recordings of the June and December 2019 Commission meetings, it appears that at least a majority of the Commission members interpreted the June 2019 motion as directing Commission staff to deactivate some voter registrations based on ERIC data after the spring 2021 election. And in July 2021, Commission staff deactivated around 30,000 voter registrations remaining on the ERIC mover list based on the Commission's vote on that June 2019 motion.

We do not believe that our statements to the Court regarding the Commission's plans for deactivation were material to the outcome of this case. This Court denied the plaintiffs' motion for preliminary injunction as moot because the Wisconsin Court of appeals stayed the order to deactivate. (Dkt. 53.) To the extent the Court recognized a dispute between the parties as to whether the Commission had a concrete deactivation plan, the dispute was immaterial and did not need to be resolved. In other words, even accepting the plaintiffs' allegations that the Commission had a plan to deactivate voter registrations within 12 to 24 months of June 2019, their case was still unripe.

      While our statements concerning the Commission's plan for deactivation do not appear to have been relevant to the decisions issued in this case, we nevertheless are making this disclosure to the Court.

      Sincerely,

      Electronically signed by:

      <u>Karla Z. Keckhaver</u>
      Karla Z. Keckhaver
      Assistant Attorney General

      <u>Steven C. Kilpatrick</u>
      Steven C. Kilpatrick
      Assistant Attorney General

      <u>Colin T. Roth</u>
      Colin T. Roth
      Assistant Attorney General

cc:    All listed parties via electronic filing